NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY LYONS,<br><br>                       Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>                      Defendants. | **Civil Action No. 19-17051 (SRC)**<br><br>**OPINION & ORDER** |

      This matter comes before the Court upon the motion to remand filed by Plaintiff Gregory Lyons ("Plaintiff" or "Lyons"). Defendant Costco Wholesale Corporation ("Defendant" or "Costco") opposes the motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78.

      Briefly, this personal injury action arises out of an August 4, 2017 incident at a Costco store located in Teterboro, New Jersey. Lyons alleges that, on that day, he was shopping at the Costco and requested the assistance of a Costco employee with loading some heavy boxes, containing furniture Lyons wished to purchase, onto dollies so that they could be moved to the checkout lanes. Thereafter, after purchasing the merchandise, Lyons wheeled the dollies to his van. Again, with the assistance of the Costco employee, Lyons attempted to load the boxes into his vehicle. According to the Complaint, the Costco employee dropped his end of a box and caused Lyons to suffer a torn bicep.

      Lyons filed suit in the Superior Court of New Jersey, Bergen County, on or about August 2, 2019. He named Costco as a Defendant. Plaintiff also named fictitious "John Doe" defendants,

alleging that he was injured as a result of Costco employees' breach of their duty to maintain the safety of all invitees to the Costco warehouse. Lyons concedes he does yet not know the identity of the Costco employee who allegedly dropped the box but asserts that he will learn the identity in discovery. Lyons further asserts that this individual "in all likelihood" is a New Jersey resident "due to the fact that the employee worked at a Costco Warehouse located in Teterboro, N.J. (Bergen County)." (Pl. Br. at 2, ¶ 8.)

Costco removed the action to this Court on August 22, 2019, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1). It is well-established that for a federal court to have subject matter jurisdiction under Section 1332(a)(1), there must be complete diversity, meaning all plaintiffs must be citizens of a different state or states than all defendants, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants); see also Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (reaffirming long-standing and undisturbed interpretation of 28 U.S.C. § 1332(a)(1) as standing for the rule that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."). Plaintiff moves for remand of the action based on the argument that once the identity of the Costco employee is discovered, complete diversity will be destroyed. Lyons, who is domiciled in New Jersey, maintains that the individual, currently named as a "John Doe" defendant, is likely to be a New Jersey domiciliary and thus Costco's assertion that diversity jurisdiction exists is erroneous.

Plaintiff's argument is unavailing. The federal statute governing removal of civil actions, 28 U.S.C. § 1441, clearly provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Third Circuit, in a non-precedential opinion, considered the possibility that where a plaintiff provides sufficient information to know the specific identity of a defendant with a fictitious or partial name, an argument might be made that Section 1441(b)(1)'s rule does not apply. Brooks v. Purcell, 57 F. App'x 47, 50-51(3d Cir. 2002). That hypothetical situation is not presented here. The individual whom Plaintiff insists will ultimately be revealed as a non-diverse defendant is merely identified as an employee of Costco and named as a purely fictitious "John Doe" party. Moreover, Plaintiff's assertion that this unknown person is most likely domiciled in New Jersey amounts to no more than speculation. Thus, pursuant to 28 U.S.C. § 1441(b)(1), the Court will disregard the citizenship of all defendants sued under fictitious names.

Based on an assessment of the citizenship of the named parties, the Court concludes that complete diversity of citizenship exists. As set forth earlier, Lyons is domiciled in New Jersey. Costco is a corporation of the State of Washington with its principal place of business in Issaquah, Washington, and therefore it is a citizen of Washington. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010). The Court also finds that this action presents the requisite amount in controversy. Plaintiff has alleged that as a result of Costco's negligence, he has "sustained serious injuries resulting in permanent disabilities, was required to obtain medical treatment and to incur expenses for the treatment of said permanent injuries, was incapacitated from pursuing his normal activities and was caused and in the future will continue to experience pain and suffering, all to his loss and damage." (Compl., ¶ 8.)

Thus, for the foregoing reasons, this Court is satisfied that diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332(a)(1), at this point in the litigation. Of course, it is axiomatic that "federal courts have a duty to examine their subject matter jurisdiction at all stages of the litigation." Rose v. City of Allentown, 211 F. App'x 133, 138 (3d Cir. 2007) (citing U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388-89 (3d Cir. 2002)). Moreover, the federal statute governing post-removal procedure provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(b). If Plaintiff discovers the identity of the Costco employee allegedly involved in the accident and, with leave of Court, amends the Complaint to name this individual as a defendant, Plaintiff is free to renew his motion to remand, pursuant to 28 U.S.C. § 1447, assuming that such individual's citizenship in fact is not diverse from Plaintiff's. However, based on the information currently before the Court, the Court discerns no basis for remand of this action to state court.

Accordingly, **IT IS** on this 22nd day of October, 2019,

**ORDERED** that Plaintiff's motion to remand [ECF 5] be and hereby is **DENIED**.

                                              s/ Stanley R. Chesler
                                            STANLEY R. CHESLER
                                            United States District Judge